AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA<br>V.<br>**Israel Vasquez-Beltran** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR00017-001JB**<br>USM Number: **48845-051**<br>Defense Attorney: **Michael Keefe, Appointed** |
|---|---|

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 11/09/2009 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| County of Residence | **April 16, 2010**<br>Date of Imposition of Judgment |
| | **/s/ James O. Browning**<br>Signature of Judge |
| | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **July 16, 2010**<br>Date Signed |

Defendant: **Israel Vasquez-Beltran**
Case Number: **1:10CR00017-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **41 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Defendant Israel Vasquez-Beltran unlawfully reentered the United States after being deported for a felony crime of violence. Vasquez-Beltran`s offense level is 20 and his criminal history category is IV, which establishes a guideline imprisonment range of 51 to 63 months. The Court has carefully considered the guideline sentence in this case and, in arriving at its sentence, has taken account not only the guidelines, but of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the parties` briefs in this case, and the arguments at the hearing, the Court does not believe that the punishment set forth in the guidelines is appropriate for this sort of offense.**

**While the Court does not believe that the facts of this case warrant a downward departure in criminal history category -- primarily because the Court does not think that it substantially overrepresents Vasquez-Beltran`s criminal history -- the sentence somewhat overrepresents Vasquez-Beltran`s criminal history at criminal history category IV. Vasquez-Beltran`s sentence at criminal history category IV is drastically higher than his sentence would be under the guidelines if his criminal history category was III. The Court believes that Vasquez-Beltran`s two felony convictions -- one for making a terrorist threat and one for corporal injury to his spouse -- and two misdemeanor convictions -- one for driving under the influence and one for possession of a controlled substance -- put him more in line with defendants in criminal history category III. The Court concludes that, while criminal history category IV overrepresents somewhat Vasquez-Beltran`s past criminal history, it does not substantially overrepresent the likelihood that Vasquez-Beltran will engage in future criminal conduct. Thus, while the Court does not believe a departure is warranted, the Court concludes that a variance is appropriate. The Court carefully considered the kinds of sentences and ranges that the guidelines establish for someone in criminal history category IV and someone in category III. An offense level of 20 and a criminal history category of III produce a guideline imprisonment range of 41 to 51 months. Based on that consideration, the Court will vary somewhat. A sentence in the 50-month range is too high for Vasquez-Beltran, but something in the 40-month range is appropriate.**

**The Court does not believe that a sentence in the 24- to 30-month range is appropriate, primarily because of the quality of the criminal history here. The Court is concerned about the violence in Vasquez-Beltran`s criminal history and is concerned about the domestic incidents in Vasquez-Beltran`s past. The Court has reviewed Vasquez-Beltran`s arrest record. That record is troubling and includes batteries, spousal abuse charges, and sexual battery. The Court thus concludes that Vasquez-Beltran`s offense level is well-earned and that offense level should be fully reflected in the sentence. If the Court varies any further than an adjustment for Vasquez-Beltran`s mildly overrepresented criminal history, the sentence will not fully reflect Vasquez-Beltran`s offense-level enhancement of 16, and will fail to fully comport with Congress` directive that the law treat crimes of violence seriously.**

**Thus, while the Court finds some variance appropriate to properly reflect Vasquez-Beltran`s criminal history, the Court finds a sentence in the 40-month range appropriate. The Court will sentence Vasquez-Beltran to a term of 41 months. A 41-month sentence reflects the seriousness of this offense, which is returning to the United States with a substantial criminal history. The sentence is sufficiently long that it will promote respect for the law, and yet provides a more just punishment than one in the 50-month range. The Court has some concerns whether a 41-month sentence will afford adequate deterrence, but his counsel made a good point that, so far, the United States has not sent any strong message to Vasquez-Beltran that coming back into the United States with his criminal history will result in a substantial punishment. The Court thus finds that 41 months imprisonment will provide very stiff deterrence and send the appropriate warning to Vasquez-Beltran. The sentence will also adequately protect the public. The Court remains concerned about Vasquez-Beltran`s violent acts in the past. On the other hand, some of them are getting old, and, as Vasquez-Beltran gets older, his tendency to commit such crimes will most likely decline.**

**In the end the Court believes that a sentence of 41 months fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task is not, as a district court, to come up with a reasonable sentence -- rather, it is to come up with a sentence that fully reflects each of the factors embodied in 18 U.S.C. § 3553(a) -- the Court believes this 41-month sentence is more reasonable than one within the guideline range. The Court believes that this sentence is sufficient without being greater than is necessary to**

comply with the purposes of punishment set forth in the Sentencing Reform Act. Vasquez-Beltran is therefore committed to the custody of the Bureau of Prisons for a term of 41 months.

☒ The court makes these recommendations to the Bureau of Prisons:

**The Court recommends the Metropolitan Correctional Center in Chicago, IL, or, another appropriate BOP facility in the Chicago, IL, area, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
　　☐ at　on
　　☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal
　　☐ as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Israel Vasquez-Beltran**
Case Number: **1:10CR00017-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Israel Vasquez-Beltran**
Case Number: **1:10CR00017-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Israel Vasquez-Beltran**
Case Number: **1:10CR00017-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.